IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARCELOR FRANCE and<br>ARCELOR ATLANTIQUE ET LORRAINE,<br><br>    Plaintiffs,<br><br>    v.<br><br>MITTAL STEEL USA INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) C. A No. 06-307 (SLR)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT MITTAL STEEL USA INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

Plaintiffs Arcelor France and Arcelor Atlantique et Lorraine (collectively "Arcelor") move for leave to file a sur-reply to Mittal Steel USA, Inc.'s ("Mittal's") reply brief in support of its Motion to Dismiss the Complaint, or Alternatively, for Summary Judgment of Non-Infringement (D.I. 7).

Mittal bears the burden of proof on its motions to dismiss or, in the alternative, for summary judgment. Thus, Mittal was required to come forth with *all* of the evidence and arguments that it had to support its contentions in its opening brief. Indeed, D. Del. L.R. 7.1.4 (g) (2) provides that "the party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." Mittal nevertheless submitted numerous pieces of new evidence in its reply brief (D.I. 14) that were not previously disclosed or addressed in its opening brief (D.I. 8).

Specifically, Mittal submitted for the first time:

1. A declaration from an expert witness, Mr. John W. Young, offering his opinions on how the claim term "hot rolled sheets" should be construed ("Young declaration") (D.I. 15);

2. HQ 089538, an August 7, 1991 decision from the United States Bureau of Customs and Border Protection (D.I. 16, Ex. 1);

3. NY H84171, an August 10, 2001 decision from the United States Bureau of Customs and Border Protection (*Id.*, Ex. 2);

4. *Stainless Steel Sheet and Strip in Coils from Taiwan*: Preliminary Results and Partial Rescission of Antidumping Duty Administrative Review dated August 9, 2005 from the United States Department of Commerce (*Id.*, Ex. 3);

5. *Stainless Steel Plate in Coils from Belgium*, Case No. A-423-808, United States Department of Commerce Antidumping Duty Administrative Review for period May 1, 2002 through April 30, 2003 (*Id.*, Ex. 4); and

6. Brief of Appellants filed October 31, 2005 in *Ugine and Alz Belgium, Arcelor Stainless USA, LLC, and Arcelor Trading USA, LLC v. United States*, CAFC No. 051550 (*Id.*, Ex. 5).

To the extent the Court is inclined to consider Mittal's untimely submission of this new extrinsic evidence in its reply brief, Arcelor should be permitted an opportunity to address it.

Moreover, Mittal acknowledges for the first time in its reply brief that it has made a steel sheet which has been hot-rolled, and then coated with aluminum. Specifically, Mittal has admitted that it has made "aluminum-coated cold-rolled boron steel," and that

cold-rolled steel is first hot-rolled. In light of this new admission, it is evident that Arcelor's Complaint and Amended Complaint do state a claim upon which relief can be granted.

Arcelor respectfully moves for leave to file the sur-reply brief attached as Exhibit A to address these new matters. A form of Order is attached as Exhibit B for the Court's convenience.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        /s/ Karen Jacobs Louden
        _____
        Jack B. Blumenfeld (#1014)
        Karen Jacobs Louden (#2881)
        klouden@mnat.com
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE  19899-1347
        (302) 658-9200
        Attorneys for Plaintiffs

OF COUNSEL:

Jean-Paul Lavalleye
Richard D. Kelly
Stephen G. Baxter
Steven P. Weihrouch
OBLON, SPIVAK, MCCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314
(703) 413-3000

June 23, 2006

## **CERTIFICATE PURSUANT TO RULE 7.1.1**

I certify pursuant to D. Del. L.R. 7.1.1 that plaintiffs conferred with defendants concerning the subject matter of the forgoing motion but were not able to reach agreement.

*/s/ Karen Jacobs Louden*

Karen Jacobs Louden  (#2881)

June 23, 2006

526211

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on June 23, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Philip A. Rovner
>POTTER ANDERSON & CORROON LLP

and that I caused copies to be served upon the following in the manner indicated:

**BY HAND**

>Philip A. Rovner
>POTTER ANDERSON & CORROON LLP
>1313 North Market Street
>P.O. Box 951
>Wilmington, DE  19899-0951


>/s/ Karen Jacobs Louden
>_____
>Karen Jacobs Louden (#2881)

# EXHIBIT

# A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARCELOR FRANCE and<br>ARCELOR ATLANTIQUE ET LORRAINE,<br><br>Plaintiffs,<br><br>v.<br><br>MITTAL STEEL USA INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) C. A No. 06-307 (SLR)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' SUR-REPLY TO DEFENDANT MITTAL STEEL
USA INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO
DISMISS THE COMPLAINT OR, ALTERNATIVELY,
FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

>MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>Jack B. Blumenfeld (#1014)
>Karen Jacobs Louden (#2881)
>1201 N. Market Street
>P.O. Box 1347
>Wilmington, DE  19899-1347
>(302) 658-9200
>Attorneys for Plaintiffs

OF COUNSEL:

Jean-Paul Lavalleye
Richard D. Kelly
Stephen G. Baxter
Steven P. Weihrouch
OBLON, SPIVAK, MCCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314
(703) 413-3000

June 23, 2006

TABLE OF CONTENTS

Page(s)

INTRODUCTION ................................................................................................... 1

ARGUMENT

    A. Mittal Now Admits That, In Addition To Meeting
       The Other Claim Limitations, It's Cold-Rolled
       Sheets Were Previously Hot-Rolled ............................................................ 1

    B. Mittal's New Arguments And Evidence Do Not
       Change The Proper Construction Of Claim 1 Of
       The '805 Patent ........................................................................................... 2

          1. Arcelor Should Be Allowed To Test Mittal's
             Extrinsic Evidence ............................................................................. 2

          2. Mittal's Proposed Claim Construction Is
             Wrong .................................................................................................. 4

CONCLUSION ......................................................................................................... 8

# TABLE OF CITATIONS

Page(s)

*Georgia-Pacific Corp. v. United States Gypsum Co.*,
   195 F.3d 1322 (Fed. Cir. 1999) ............................................................................. 6

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) ............................................................................. 5

*Phillips Petroleum Co. v. Huntsman Polymers Corp.*,
   157 F.3d 866 (Fed. Cir. 1998) ............................................................................... 6

*Regents of Univ. of Calif. v. Eli Lilly & Co.*,
   119 F.3d 1559 (Fed. Cir. 1997) ............................................................................. 6

*Southwall Techs., Inc. v. Cardinal IG Co.*,
   54 F.3d 1570 (Fed. Cir. 1995) ............................................................................... 5

*3M Innovative Props. Co. v. Avery Dennison Corp.*,
   350 F.3d 1365 (Fed. Cir. 2003) ............................................................................. 7

*Ugine and Alz Belgium, Arcelor Stainless USA, LLC,
and Arcelor Trading USA, LLC v. United States*,
   CAFC No. 051550 .................................................................................................. 3

*Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.*,
   212 F.3d 1377 (Fed. Cir. 2000) ............................................................................. 6

## INTRODUCTION

Mittal's reply brief demonstrates that its original motion to dismiss was an attempt to extract a partial ruling on claim construction outside of this Court's standing practice and before any discovery has taken place. Mittal's late submission of additional evidence only further confirms that deviating from the Court's standard practice will result in piecemeal claim construction. An adverse decision will undoubtedly lead Mittal to raise another claim construction issue, and then another after that. In addition, Mittal now concedes that it has made a boron steel sheet which has been hot-rolled and then coated with aluminum, because it admits that cold-rolled steel is first hot-rolled. This new concession confirms that Arcelor's Complaint and Amended Complaint state a claim upon which relief can be granted.

If dismissal of Arcelor's Complaint and Amended Complaint or summary judgment of non-infringement were as easily resolved as Mittal would have the Court believe, there would have been no need for Mittal to raise new facts and submit new evidence in its reply brief without giving Arcelor an opportunity to respond. Mittal's improper introduction of such arguments and evidence demonstrates exactly why its motion to dismiss is unfounded and summary judgment is inappropriate.

## ARGUMENT

A. Mittal Now Admits That, In Addition To Meeting The Other Claim Limitations, It's Cold-Rolled Sheets Were Previously Hot-Rolled

In its reply brief, Mittal for the first time acknowledges that it has made a boron steel sheet which has been hot-rolled, then cold-rolled, and then coated with aluminum. Specifically, Mittal admits that it has made "aluminum-coated cold-rolled

boron steel." (*See* D.I. 14 at 11, n.7). Mittal also admits that cold-rolled steel is first hot-rolled. (*See id.* at 3; D.I. 15, Declaration of John W. Young ("Young declaration"), ¶ 9). Mittal previously conceded, for purposes of this motion, that it meets all the other limitations of claim 1 of the '805 patent. (D.I. 8 at 5, n.3). Thus, Mittal now admits that its product literally infringes claim 1, if Arcelor's claim construction is adopted. Arcelor's Complaint and Amended Complaint plainly state a claim upon which relief can be granted and Mittal's motion to dismiss should be denied.

    B.    Mittal's New Arguments And Evidence Do Not Change The Proper Construction Of Claim 1 Of The '805 Patent

In its reply brief, Mittal makes new arguments and offers numerous new pieces of selected extrinsic evidence to support its proposed construction. Mittal's proposed claim construction is wrong because it relies on selective extrinsic evidence to contradict the clear intrinsic evidence, including the patent specification and prosecution history, as described in Arcelor's answering brief. Mittal also ignores well-established law concerning the use of the term "comprising" in claim drafting. At the very least, Arcelor should be permitted to take discovery to test this extrinsic evidence.

    1.    Arcelor Should Be Allowed To Test Mittal's Extrinsic Evidence

Assuming that the Court is inclined to consider the new extrinsic evidence improperly submitted by Mittal, Arcelor should have an opportunity to test it. Mittal has offered for the first time on reply a seven-page declaration of its technical expert, John W. Young. Mr. Young states that he "disagrees" with Dr. Wagoner's opinions. (D.I. 15, ¶ 9). He then purports to analyze selected portions of the specification and prosecution

history, address how the terms supposedly are used in the steel industry, and refers to extrinsic evidence which he claims support his contrary opinion. Specifically, he relies on the following administrative and legal proceedings relating to international trade in support of its claim interpretation: decisions from the United States Bureau of Customs and Border Protection (D.I. 16, Exs. 1-2); antidumping duty administrative reviews from the United States Department of Commerce relating to stainless steel coils imported from Taiwan and Belgium (*Id.*, Exs. 3-4); and a 2005 brief from appellants filed in *Ugine and Alz Belgium, Arcelor Stainless USA, LLC, and Arcelor Trading USA, LLC v. United States*, CAFC No. 051550 (*Id.*, Ex. 5). As Mittal admits, these newly cited international trade cases involve stainless steel, not carbon steel. (D.I. 14 at 9, n.6). Moreover, none of this new purported evidence contradicts the core principle that both sides admit – all cold-rolled product is first hot-rolled.

Mittal has selected certain extrinsic evidence it believes bolsters its position. As discussed further herein, Mittal cannot rely on this extrinsic evidence to contradict intrinsic evidence of a patent. It would be unfair for this Court to render a claim construction based on the selected extrinsic evidence Mittal presents. Indeed, Mr. Young acknowledges that there is a disagreement between the experts. (*See* D.I. 15, ¶ 9). That disagreement should be vetted in the normal course of discovery and claim construction submissions. If the Court is inclined to consider this new extrinsic evidence, Arcelor should be permitted to take discovery on it and submit its own evidence so that the Court will have a complete, balanced understanding of all of the intrinsic and extrinsic evidence prior to interpreting the claims.

2. Mittal's Proposed Claim Construction Is Wrong

Mittal's proposed claim construction should be rejected because it is essentially an exercise in using selected extrinsic evidence to contradict clear intrinsic evidence. Mittal's proposed claim construction is at odds with the patent specification, which Mittal acknowledges describes cold-rolling as optional. (D.I. 14 at 6). It is also at odds with the prosecution history, where the patent examiner explicitly stated that "[f]or examination purposes, the claim has been treated as meaning [a] coated, hot-rolled steel sheet *which may be optionally cold-rolled.*" (D.I. 11 at 7-8). Moreover, there is no dispute that cold-rolling and hot-rolling may be carried out in tandem, and are not mutually exclusive. Mittal errs in asserting that because claim 1 of the '805 patent recites hot-rolled, but does not explicitly recite the additional optional cold-rolling, the claims cannot cover a steel sheet that is hot-rolled and then cold-rolled.

The Federal Circuit views extrinsic evidence, such as that proffered by Mittal, as less important than the patent and its prosecution history with respect to claim interpretation for several reasons:

> First, extrinsic evidence by definition is not part of the patent and does not have the specification's virtue of being created at the time of patent prosecution for the purpose of explaining the patent's scope and meaning. Second, while claims are construed as they would be understood by a hypothetical person of skill in the art, extrinsic publications may not be written by or for skilled artisans and therefore may not reflect the understanding of a skilled artisan in the field of the patent. Third, extrinsic evidence consisting of expert reports and testimony is generated at the time of and for the purpose of litigation and thus can suffer from bias that is not present in intrinsic evidence. The effect of that bias can be exacerbated if the expert is not one of skill in the relevant art or if the expert's opinion is offered in a form that is not subject to cross-examination. Fourth, there is a virtually unbounded universe of potential extrinsic evidence of some marginal relevance that could be brought to bear on any claim construction question. In the course of litigation, each

> party will naturally choose the pieces of extrinsic evidence most favorable to its cause, leaving the court with the considerable task of filtering the useful extrinsic evidence from the fluff.

*Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) (*en banc*) (citations omitted).

The extrinsic evidence relied upon by Mittal is exactly the type the Federal Circuit cautioned was unreliable. For example, the administrative and legal proceedings cited by Mittal (*See* D.I. 14 at 9-10) were not created at the time of patent prosecution for the purpose of explaining the '805 patent's scope and meaning. There is no evidence that the documents of these proceedings were written by or for skilled artisans and therefore reflect the understanding of one skilled in the art. Furthermore, such proceedings obviously represent only a tiny part of the universe of potential extrinsic evidence that may be marginally relevant to the interpretation of the claim term "hot-rolled steel sheet." As such, this extrinsic evidence should be disregarded.

The Young declaration is similarly unreliable because it attempts to contradict the intrinsic record by relying upon extrinsic evidence. "[U]ndue reliance on extrinsic evidence poses the risk that it will be used to change the meaning of claims in derogation of the 'indisputable public records consisting of the claims, the specification and the prosecution history,' thereby undermining the public notice function of patents." *Phillips*, 415 F.3d at 1319 (citing *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1578 (Fed. Cir. 1995)). This is exactly what Mittal seeks to do here. It relies on selected extrinsic to alter the meaning of the term "hot-rolled steel sheet" as properly understood by one skilled in the art in view of the claims, specification and prosecution history. *See id.* at 1318 ("[A] court should discount any expert testimony *"that is clearly*

*at odds with the claim construction mandated by the claims themselves, the written description, and the prosecution history*, in other words, with the written record of the patent.") (citations omitted) (emphasis added). As such, Mittal's extrinsic evidence should be given no weight.

Mittal's interpretation is also contrary to well-established law concerning the use of the term "comprising" in claim drafting. "The transitional term 'comprising' . . . is inclusive or open-ended and does not exclude additional, unrecited elements or method steps." *Georgia-Pacific Corp. v. United States Gypsum Co.*, 195 F.3d 1322, 1327-28 (Fed. Cir. 1999). "A drafter uses the term 'comprising' to mean 'I claim at least what follows and potentially more.'" *Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.*, 212 F.3d 1377, 1383-84 (Fed. Cir. 2000); *see also Phillips Petroleum Co. v. Huntsman Polymers Corp.*, 157 F.3d 866, 874 (Fed. Cir. 1998) ("The use of 'comprising' and 'which comprises' in the composition and process claims generally would mean that the claims require the presence of [the listed elements], but that additional elements or process steps may be present."); *Regents of Univ. of Calif. v. Eli Lilly & Co.*, 119 F.3d 1559, 1572 (Fed. Cir. 1997) ("The word 'comprising,' as UC argues and as is well-established, permits inclusion of other moieties."). The use of "comprising" in claim 1 of the '805 patent therefore demonstrates that additional, unrecited elements are not excluded. Such elements could include the optional step of cold-rolling the steel sheet. Mittal's proposed claim construction is therefore incorrect.

The Young declaration is erroneous as a matter of law because it contradicts the above precedent with respect to the term "comprising." Specifically, Mr. Young states that claim 1 cannot cover cold-rolling because references to cold-rolling are

not included in the claim. (D.I. 15, ¶ 9). However, as the law cited above establishes, claims *comprising* certain elements or method steps do not exclude additional elements or steps, as long as the recited elements or steps are present. Moreover, Mittal ignores that the removal of an additional step during prosecution does not narrow the scope of a claim (and may in fact broaden it). (*See* D.I. 11 at 18-19). Mittal does not dispute that its product is hot-rolled, but mistakenly argues that its product avoids infringement because it is *also* cold-rolled.

The Young declaration also ignores the law with respect to the term "comprising" with the red herring that hot-rolling and cold-rolling are performed in different facilities. (*Id.*, ¶ 11). This attempted distinction is meritless. For example, if a claim recites elements "comprising" A and B, and an accused product includes A, B *and* C, then infringement has occurred. Infringement is not avoided due to the additional element C, and the fact that element C is added or performed in a separate facility is totally irrelevant.

Mr. Young's reference to the lack of a dependent claim reciting the optional cold-rolling is another attempt at misdirection by Mittal. (*See* D.I. 15, ¶ 9). Using the example above, whether element C is or is not recited in a dependent claim is irrelevant and does not detract from the fact that the accused product includes elements A and B, and thus infringes the claim which recites "comprising A and B." Moreover, *In re Johnston* specifically addresses the issue of optional elements in dependent claims, and held that the recitation of an element as optional in a dependent claim has no limiting effect. *See* 435 F.3d 1381, 1384 (Fed. Cir. 2006).

## CONCLUSION

For all of the foregoing reasons, Mittal's Motion to Dismiss the Complaint or, Alternatively, for Summary Judgment of Non-Infringement should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Karen Jacobs Louden
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Attorneys for Plaintiffs

OF COUNSEL:

Jean-Paul Lavalleye
Richard D. Kelly
Stephen G. Baxter
Steven P. Weihrouch
OBLON, SPIVAK, MCCLELLAND,
MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA 22314
(703) 413-3000

June 23, 2006

526105

# EXHIBIT

# B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARCELOR FRANCE and<br>ARCELOR ATLANTIQUE ET LORRAINE,<br><br>Plaintiffs,<br><br>v.<br><br>MITTAL STEEL USA INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  C. A No. 06-307 (SLR)<br>)<br>)<br>)<br>)<br>) |

### ORDER

Having considered the Plaintiffs' Motion for Leave to File A Sur-Reply to Defendant Mittal Steel USA, Inc.'s Reply Brief in Support of its Motion to Dismiss the Complaint, or Alternatively, for Summary Judgment of Non-Infringement;

IT IS HEREBY ORDERED this ____ day of _____, 2006 that Plaintiffs' Motion is GRANTED. The Sur-Reply attached as Exhibit A to the Motion is deemed filed as of the date of this Order.

_____
United States District Court Judge

525812